IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARK UHLENBROCK**                                                              **PETITIONER**
Reg. # 45824-044

VS.                        No.  2:24-cv-00196-LPR-ERE

**C. GARRETT, Warden,**
**FCI-Forrest City**                                                              **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Rudofsky can adopt this RD without independently reviewing the record.

**I.     Background**

On November 4, 2024, Mark Uhlenbrock, a Bureau of Prisons ("BOP") inmate confined at the Federal Correctional Institution in Forrest City, Arkansas, filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] *Doc.*

---

[1] On June 15, 2016, Mr. Uhlenbrock pleaded guilty in the United States District Court for the Western District of Texas to one count of stalking in violation of 18 U.S.C. § 2261A(2)(B), and on September October 3, 2016, Mr. Uhlenbrock received a sentence of 41 months in prison, followed by 3 years' supervised release. *Doc. 10-1*. On September 1, 2023, the sentencing court revoked Mr. Uhlenbrock's supervised release and sentencing him to 12 months in prison. *Doc. 10-2*. On September 6, 2023, the United States District Court for the Western District of Texas entered

*1*. He alleged that the BOP was delaying the calculation and application of his First Step Act ("FSA") time credits.² Mr. Uhlenbrock alleged that the BOP's delay in calculating and applying his FSA time credits effectively denied him time in prerelease custody.³ For relief, Mr. Uhlenbrock asked the Court to order the BOP to calculate his time credits as required by law. *Id. at 14*. In addition, he requested that the Court recommend that he serve the end of his prison term in home detention, rather than a community corrections facility. *Id. at 4*.

On December 20, 2024, Respondent filed a response, asserting that the

---

judgment against Mr. Uhlenbrock for internet stalking in a separate case and sentenced him to 60 months' imprisonment, followed by 3 years' supervised release. *Doc. 10-3*. On February 29, 2024, the Western District of Texas reduced Mr. Uhlenbrock's sentence to 57 months' imprisonment. *Doc. 10-4*.

² The FSA includes an incentive-based program that gives prisoners the opportunity to earn time credits. 18 U.S.C. § 3632(d)(4)(A). For eligible inmates, earned time credits apply toward early placement in pre-release custody or early transfer to supervised release. 18 U.S.C. § 3632(d)(4)(C).

³ Prerelease custody, which includes placement in home confinement or a residential reentry center, also known as a community correction facility, changes only the place where a sentence is served; it does not alter the fact or duration of imprisonment. See *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (treating placement in home confinement as changing an inmate's "place of imprisonment"); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (noting the BOP's agreement that community correctional facilities are places of imprisonment); 18 U.S.C. § 3624(c) (stating that the Director of the BOP shall, to the extent practicable, ensure that a prisoner serve a portion of the final months of his term of imprisonment in prerelease custody under conditions that afford reasonable opportunity to adjust and prepare for reentry into the community).

In contrast to early placement in prerelease custody, early transfer to supervised release, a form of post-prison supervision, effectively shortens time in prison. If a prisoner's sentence includes a term of supervised release, the BOP may "transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of [earned] time credits . . . ." 18 U.S.C. § 3624(g)(3).

petition should be dismissed for lack of subject matter jurisdiction or, alternatively, because Mr. Uhlenbrock failed to exhaust administrative remedies or allege facts showing that the BOP committed error in calculating his FSA time credits. *Doc. 10*.

On January 13, 2025, Mr. Uhlenbrock filed a reply addressing Respondent's arguments. *Doc. 12*.

On March 18, 2025, at the Court's direction (*Doc. 13*), Respondent filed an update regarding Mr. Uhlenbrock's facility assignment, along with a declaration by BOP Acting Residential Reentry Management ("RRM") Manager Matt Call. *Docs. 14, 14-1*. Mr. Call states that on February 13, 2025, Mr. Uhlenbrock was transferred to the BOP RRM Office in St. Louis, Missouri for placement in prerelease custody and was subsequently housed in a residential reentry center or halfway house. *Doc. 14-1 at 2*. Mr. Call further reported that Mr. Uhlenbrock would be released from federal custody on March 23, 2025. *Id*. As of the date of this Recommendation, the BOP's website shows that as of March 21, 2025, Mr. Uhlenbrock is no longer in BOP custody.[4]

In light of Mr. Uhlenbrock's transfer to prerelease custody and subsequent relief from prison, the petition should be dismissed without prejudice as moot.[5]

---

[4] https://www.bop.gov/inmateloc/ (last visited April 3, 2025).

[5] In light of this ruling there is no need to reach Respondent's arguments for dismissal. However, if Mr. Uhlenbrock's petition is construed as seeking transfer to prerelease custody as the sole remedy, his claim is both moot and, as Respondent asserts, not cognizable in federal habeas. "If the prisoner is not challenging the validity of his conviction or the length of his detention . . . ,

## II.    Discussion

Article III of the United States Constitution limits the judicial power of the federal courts to cases and controversies, and a dispute becomes moot, ceasing to present a live case or controversy, when an intervening event prevents the court from granting effective relief. *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 790–91 (8th Cir. 2018) (noting that generally, a claim is moot when "changed circumstances already provide the requested relief and eliminate the need for court action"); *Miller v. Whitehead*, 527 F.3d 752, 754 (8th Cir. 2008) (dismissing as moot appeals by inmates seeking placement in prerelease custody where the BOP placed the inmates in residential reentry centers).

A habeas petitioner's release from custody does not in all cases render the petition moot. However, the case-or-controversy requirement subsists throughout the case and requires that the petitioner "have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable

---

then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996); see also *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (reaffirming that a writ of habeas corpus is not available where petitioner does not challenge his conviction or length of sentence). Because placement in pre-release custody changes only the place, not the fact or duration of confinement, see *supra* note 3, a petitioner seeking transfer to prerelease custody fails to state a cognizable habeas claim. See *Fongers v. Garrett*, No. 2:24-cv-00046 LPR/PSH, 2024 WL 3625237, at *2 (E.D. Ark. Aug. 1, 2024) (recommending dismissal for lack of subject matter jurisdiction where petitioner sought placement in prerelease custody), *RD adopted*, 2024 WL 4652193 (E.D. Ark. Nov. 1, 2024); *Wessels v. Houden*, No. 23-CV-1266 WMW/ECW, 2023 WL 7169154, at *1 (D. Minn. June 22, 2023) (recommending dismissal of habeas petition seeking immediate transfer to prerelease custody for lack of federal habeas jurisdiction), *RD adopted*, 2023 WL 7168926 (D. Minn. Oct. 31, 2023).

judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).[6]

In his petition, Mr. Uhlenbrock alleged the BOP had delayed his transfer to prerelease custody, and he asked the Court to order the agency to correctly calculate his FSA time credits and recommend that he serve time in home confinement. Given Mr. Uhlenbrock's subsequent transfer to prerelease custody and release from BOP custody, the Court can no longer grant effective relief. There being no live controversy, the Court lacks jurisdiction to entertain the petition.[7]

---

[6] In *Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998), an inmate filed a habeas petition challenging his parole revocation on due process grounds, but before the district court could act, he was released on parole and his term of imprisonment expired. The Supreme Court held that the petitioner's release from prison rendered the petition moot because he could no longer satisfy Article III's injury-in-fact requirement.

[7] An exception to the constitutional mootness doctrine exists for controversies that are capable of repetition while evading review. However, that exception only applies when there is a reasonable expectation that the petitioner will be subject to the same action again, which is not the case here. See *Spencer*, 523 U.S. at 17-18 (concluding that the capable-of-repetition doctrine did not apply where petitioner could not demonstrate a reasonable likelihood that he would once again be paroled and have that parole revoked).

In addition, the Supreme Court has presumed that even after the satisfaction of a prison sentence, a wrongful conviction has continuing collateral consequences sufficient to support an Article III case or controversy. *Id*. at 8 (citing *Sibron v. New York,* 392 U.S. 40, 55–56 (1968)). However, Mr. Uhlenbrock does not challenge his conviction. He challenges the administration of his sentence, alleging that the BOP's failure to calculate his time credits delayed his transfer to prerelease custody, and there is basis to presume continuing collateral consequences.

## III. Conclusion

IT IS THEREFORE RECOMMENDED that Mr. Uhlenbrock's petition for a writ of habeas corpus (*Doc. 1*) be DISMISSED, WITHOUT PREJUDICE, for lack of subject matter jurisdiction.

In an effort to provide Mr. Uhlenbrock an opportunity to file objections,[8] the Clerk is directed to Clerk send a copy of this Recommended Disposition to Mr. Uhlenbrock at this address:

> Mr. Mark Uhlenbrock
> Reg # 45824-044
> c/o RRM St Louis
> Residential Reentry Office
> 1222 Spruce Street, Ste. 6.101
> St. Louis, MO  63101

Dated 3 April 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] By previous Order, I informed Mr. Uhlenbrock of his duty to promptly notify the Clerk of any change in his address and that if he failed to respond to any communication from the Court within thirty (30) days, the case could be dismissed without prejudice. *Doc. 4 at 2 n.4*.